UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JIMMIE D. POE, ) | |
| ) | Crim. No. 04-3160-01-CR-S-FJG |
| Movant, ) | |
| v. ) | Civil No. 16-03076-CV-S-FJG |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Pending before the Court is Movant's Motion to Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 1). Movant seeks to be resentenced under the Supreme Court's decision in Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015), as movant argues he does not qualify under Johnson as an armed career criminal.

### I. BACKGROUND

On September 15, 2005, movant pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). On March 2, 2006, this Court sentenced movant to 180 months in prison, and four years of supervised release, after finding that he had at least three qualifying convictions that supported imposition of a sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). The presentence report asserted that each of the following convictions qualified as a "violent felony" under the ACCA: three various counts of California Burglary; and four counts of Illinois Burglary. Movant argues that three of his four Illinois burglary convictions and his three California burglary convictions fall under the residual clause of the ACCA, which was found unconstitutionally vague in Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015). Movant, therefore, asks this Court to vacate his previous sentence of 180 months and resentence him without application of the ACCA. The government opposes this motion, but notes that movant is correct in stating that his California burglary convictions can no longer be used to

qualify him as an armed career criminal. Therefore, the Court must consider whether his Illinois burglary convictions fall under the enumerated offenses clause or the residual clause.

## II. DISCUSSION

Movant argues that his 1987, 1993 and 1996 burglary convictions in Illinois are not convictions for generic burglary because they were residential burglaries of a dwelling place, which is broadly defined.

The Johnson decision declares that the residual clause of § 924(e) is unconstitutional on the grounds that it was void for vagueness. The constitution's guarantee of due process is violated by such an "indeterminacy of the wide-ranging inquiry required by the residual clause [which] both denies fair notice to defendants and invites arbitrary enforcement by judges." Johnson, 135 S.Ct. at 2255-56. Furthermore, Johnson is considered to be retroactively applicable to cases on collateral review. Welch v. United States, — U.S. —, 136 S.Ct. 1257, 1265 (2016) ("The residual clause is invalid under Johnson, so it can no longer mandate or authorize any sentence. Johnson establishes, in other words, that even the use of impeccable factfinding[sic] procedures could not legitimate a sentence based on that clause. It follows that Johnson is a substantive decision." (internal citations omitted)).

Burglary, which is the crime of import for Mr. Poe, may still qualify for ACCA expansion when the state burglary charge qualifies as a "violent felony" under the enumerated offenses clause of 18 U.S.C § 924(e)(2)(B)(ii). The ACCA defines violent felony as "burglary, arson, or extortion." § 924(e)(2)(B)(ii). "In listing those crimes, we have held, Congress referred only to their usual or (in our terminology) generic versions—not to all variants of the offenses." Mathis v. United States, — U.S. —, 136 S.Ct. 2243, 2248 (2016).

2

"To determine whether a prior conviction is for generic burglary (or other listed crime) courts apply what is known as the categorical approach: They focus solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the case." Mathis, 136 S.Ct. at 2248 (citing Taylor v. United States, 495 U.S. 575, 600-601, 110 S.Ct. 2143, 109 (1990)). As for burglary, Congress meant a crime containing: "an unlawful or unprivileged entry into ... a building or other structure, with intent to commit a crime." Taylor, 495 U.S. at 598.

Mathis explains that when the statue is phrased alternatively, the court determines whether the listed elements are of "different crimes or factual means of satisfying a single element of a single crime." United States v. McArthur, 850 F.3d 925, 938 (8th Cir. 2017). When one alternative matches an element in the generic offense, but another alternative does not, "the modified categorical approach permits sentencing courts to consult a limited class of documents." If the state statute of conviction is "divisible," meaning it "encompasses multiple crimes, some of which are crimes of violence and some of which are not, we apply a modified categorical approach to look at the charging document, plea colloquy, and comparable judicial records for determining which part of the statute the defendant violated." United States v. Dawn, 685 F.3d 790, 794-95 (8th Cir. 2012); see United States v. McMillan, — F.3d. —, 2017 WL 3123447 at *2 (8th Cir. 2017). "We then determine whether a violation of that statutory subpart is a crime of violence." Id.

Here, movant concedes that his 1989 Illinois burglary conviction (PSR ¶ 31) qualifies as a violent felony under the ACCA. He argues, however, that the definition of "dwelling" in the remaining relevant crimes is too broad to qualify under as an

enumerated offense. However, in United States v. King, 62 F.3d 891 (7th Cir. 1995), the Seventh Circuit found that Illinois' 720 ILCS 5/19-3 (the relevant statute) to be an enumerated offense under the ACCA, further noting that the elements of said statute correspond to the elements of generic burglary outlined in Taylor. King, 62 F.3d at 896. Post-Johnson, the Seventh Circuit continues to hold that Illinois' residential burglary statute under 720 ILCS 5/19–3 is a non-divisible, enumerated and general burglary charge; it "satisfies the ruling in Taylor that "a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime ... having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Dawkins v. United States, 809 F.3d 953, 955 (7th Cir. 2016) (quoting Taylor v. United States, 495 U.S. 575, 599, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). See also Shields v. United States, No. 16 C 10265, 2017 WL 1196830, at *4–5 (N.D. Ill. Mar. 31, 2017) (which post-dates Mathis). Moreover, the Eighth Circuit has also found that both of the Illinois burglary statutes "720 ILL. COMP. STAT. 5/19-1, 5/19-3 (2001) . . . include all the generic elements of burglary defined in Taylor." United States v. Maxwell, 363 F.3d 815, 821 (8th Cir. 2004). Therefore, the Court finds that movant's claims should be denied, as his Illinois convictions all qualify as generic burglary under the ACCA.

Even if the Court were to find that the statute was divisible and the Court should apply the modified categorical approach in examining movant's Illinois burglary convictions, the Court would still find that movant's convictions still qualify as enumerated crimes of violence, given that the contents of the PSR (which were not objected-to by movant at sentencing) provide that movant burglarized "an apartment"

4

(PSR 7, ¶ 30), "a building" (PSR 7-8, ¶ 31), "a residence" (PSR 8-9, ¶ 34) and "a residence" (PSR 9, ¶ 35), all with the intent to commit theft."

### III. CONCLUSION

For these reasons, it is hereby **ORDERED** that: (1) the Movant's Motion to Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED**; (2) an evidentiary hearing is not necessary because Movant's claims are inadequate on their face; and (3) a certificate of appealability will not issue because Movant has not made a substantial showing of the denial of a constitutional right.

**IT IS SO ORDERED.**

Date: August 3, 2017                    **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri               Fernando J. Gaitan, Jr.
                                            United States District Judge